# CIRCUIT COURT OF THE CITY OF RICHMOND

7-11, Inc.,
f/k/a Southland Corp.

v.

Virginia Department
of Environmental Quality

July 27, 2001

Case No. HN-2268

BY JUDGE MELVIN R. HUGHES, JR.

In this agency appeal, the appellant, 7-11, Inc., f/k/a Southland Corporation (7-11) contests the finding of the Virginia Department of Environmental Quality that it is only entitled to $103,117 of a $575,000 request for reimbursement under the Virginia Petroleum Storage Tank Fund, Va. Code § 62.1-44.34:11(A)(2)(b). The case is here pursuant to appeal rights afforded under the Virginia Administrative Process Act, Va. Code § 9-6.1:1 *et seq.*

The case arises after petroleum stored on property owned by 7-11 leaked underground. The petroleum migrated underground to property owned by Hechinger, Inc. As a result of the leak, Hechinger filed suit in April 1995 against 7-11 in the Circuit Court of the City of Alexandria seeking damages. After a day and half of trial, the parties agreed to settle, with 7-11 agreeing to pay Hechinger $575,000. Following, 7-11 filed a claim with DEQ under the Tank Fund, and following a hearing, in an October 19, 2000, opinion, DEQ rejected all but $103,117 of 7-11's claim.

The parties have different views on how the issues are to be framed on the appeal. 7-11 makes the following arguments: (1) the Department failed to consider important factors when it analyzed the reasonableness of the settlement; (2) the Department misunderstood and misapplied the law of damages in its decision; (3) the Department arbitrarily and capriciously rejected the opinions of certain experts; and (4) the Virginia Petroleum Storage Tank Fund Third Party Disbursement Guidelines promulgated by the Department are inconsistent with Va. Code § 62.1-44.34:11(A)(2)(b). 7-11 asserts that each of the four arguments addresses issues of law; therefore, little deference is to be afforded the Department's decision.

The Department, however, argues that the only issue on appeal is whether there is substantial evidence in the record that the amount allowed represents the reasonable and necessary third-party compensation for damage resulting from the petroleum leak.

Va. Code § 62.1-44.34:11(A)(2) states in pertinent part:

Disbursements from the Fund may be made only for the following purposes . . . Reasonable and necessary per occurrence costs incurred for releases reported after December 22, 1989, by the owner or operator who is the responsible person for compensating third parties, including payment of judgments for bodily injury and property damage caused by the release of petroleum into the environment from an underground storage tank, which are in excess of the per occurrence financial responsibility requirement imposed by subsection B of § 62.1-44.34:12, up to one million dollars. . . .

The portion of the Guidelines relevant to this appeal is Section VI, Eligibility Costs for Disbursement from the Fund. It states, in pertinent part:

To obtain disbursement from the Fund, the owner/operator must demonstrate that the requested costs are reasonable and necessary and actually have been incurred. It is the responsibility of the owner/operator to provide evidence to support such a finding. Eligible costs include. . . .

(C) Costs incurred by owners/operators, in compensating third parties for real property damage proximately caused by a release from an owner's/operator's eligible tank, which are eligible for disbursement from the Fund, include the following: 1. For temporary damage to real property, the decrease in rental value during the continuance of the injury, and 2. For permanent damage to real

property, the lower of (i) the diminution in the value of the real property and fixtures (as determined after completion of corrective action) or (ii) the cost to restore the real property to its condition prior to the injury.

As a preliminary matter, the Court finds that the determination by the Department of what is a "reasonable and necessary per occurrence cost" is an area involving the Department's special experience and competence. Although the exact issue involved is somewhat different, the case at bar is quite similar to *Holtzman Oil Corp. v. Commonwealth*, 32 Va. App. 532 (2000). In that case, the Court of Appeals held, "The DEQ possesses the requisite experience and competence necessary to determine levels of contamination and the reimbursement due 'owners and operators' for the reasonable costs incurred for their environmental clean-up efforts." *Id.* at 539. The court went on to utilize the arbitrary and capricious standard of review. *See id.* at 539. This court will employ the same standard; therefore, the Department's decision to reimburse 7-11 for $103,117 is entitled to deference and the appropriate standard of review is whether the decision is supported by substantial evidence.

Although the court believes the Department better states the issue on appeal, I will address the petitioner's concerns.

7-11's first argument, that the Department failed to consider important factors when it analyzed the reasonableness of the settlement, is easily dismissed. 7-11 asserts in its first brief that the Department should have considered such things as the experience and expertise of trial counsel, the strength of plaintiff's case, the vigorousness with which the trial was litigated, and the possible range of a jury verdict. These factors all deal with whether a settlement is reasonable in the context of litigation and whether a settlement should be approved by a trial judge, where appropriate.

The use of the term "reasonable costs" in Va. Code § 62.1-44.34:11(A)(2), however, does not speak to whether a settlement is reasonable in light of litigation; rather, the statute mandates that disbursement will be allowed only for those costs incurred by the owner which are reasonable and necessary. As noted by the Department, the settlement of a lawsuit takes into account many factors unrelated to an inquiry under this statute; therefore, whether a settlement is reasonable in the litigation context is irrelevant to whether the cost, which in this case happens to be the settlement, is a reasonable and necessary cost under Va. Code § 62.1-44.34:11(A)(2). Because the statute does not tie the reasonableness requirement to the

litigation arena, the Department did not need to consider the factors listed by 7-11 and failure to do so was not error.

Petitioner next argues that the Department misunderstood and misapplied the law of damages. In its opening brief, 7-11 states that the Department adopted the position that if permanent injury occurred then the owner was limited to recovering damages for permanent injury and was prohibited from recovering for temporary damage. The Department's opinion makes clear that it adopted no such position, and 7-11 concedes that in its reply brief. Specifically, the Department noted that it had to determine whether "the facts justify permanent, temporary, or both types of damages." Page 9, Department's decision letter.

7-11 also argues that the Department arbitrarily and capriciously dismissed certain expert opinions merely because they did not appear credible. That is not the case. The Department disregarded the Salzman and Call appraisals for pre-injury valuation not simply because they did not appear credible but because, in light of the Henrico County assessment and Hechinger's purchase price, they did not appear credible. See page 10, Department's decision letter. Likewise, the Department disregarded the damage estimates of Salzman and Call because they used formulas in arriving at their estimates that were different from what the Department viewed as the appropriate formula. In view of the Department's explanations for disregarding certain experts and their opinions, this court cannot find that the Department acted arbitrarily and capriciously.

7-11's final argument is that the Guidelines unlawfully restrict reimbursement which would otherwise be recoverable under the statute. The Guidelines limit recovery for temporary injuries to the decrease in rental value of the property and limit recovery for permanent injury to the lesser of the diminution in value of the property or the cost to restore the property. 7-11 argues that this is an unlawful restriction because the statute authorizes it to recover the costs of *all* damages which were the proximate result of the leak.

The court agrees with the position that the Department takes on this issue. The statute allows reimbursement for costs that are both reasonable and necessary. The restrictions the Guidelines place on reimbursement reflect the fact that it is not enough for reimbursement purposes for a cost to be only reasonable. That cost must also be necessary. The Department has used its discretion to determine that those costs associated with permanent damage to property which are both reasonable and necessary are either the diminution in value of the property or the cost to restore the property. The court cannot find that this decision, implemented through the Guidelines, is arbitrary and capricious.

After having reviewed the Department's opinion, the court finds that there is substantial evidence in the record to support the decision to award only partial reimbursement to 7-11. The Department's opinion of October 19, 2000, indicates that the damage to the property was permanent and that the permanent diminution in the value of the property as determined by taking the fair market value of the property before and after the injury is the appropriate measure for injury. See page 10, Department's decision letter.

The Department determined that the pre-injury fair market value of the property was between $903,177 and $938,700. These figures are supported by the evidence in the record of Henrico County's assessment of the value of the property as well the price that Hechinger's paid for the property two years before the leak was discovered. *See id.* The Department determined that the post-injury fair market value of the property was $800,000. This figure is supported by the evidence in the record of the amount a potential buyer offered for the property in July 1996. *See id.* Furthermore, as alluded to previously, the Department gave valid, logical reasons for disregarding the other figures that comprise the record. The court finds that the Department's decision is supported by substantial evidence and that it did not act arbitrarily and capriciously.